Submitted September 5, reversed and remanded November 5, 2008

MELISSA PARSLEY,
*Plaintiff,*

*v.*

STATE OF OREGON,
on behalf of the Disability Services Division of
the Department of Human Resources;
and James Snodgrass,
*Defendants.*

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES SNODGRASS,
*Defendant-Appellant.*

Polk County Circuit Court
98P1013; A129468

196 P3d 81

David E. Groom filed the brief for appellant. James Lowell Snodgrass filed the supplemental brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

In this contempt case, the trial court sentenced defendant Snodgrass to six months in jail. On appeal, defendant contends that the record does not demonstrate that he was advised of his right to counsel, as required by ORS 33.055(8) and (9).[1] The state concedes that the record does not establish that defendant was advised of his right to counsel and that the judgment must be reversed and remanded for that reason. We agree and accept the concession.

Reversed and remanded.

---

[1] ORS 33.055 provides, in part:

"(8) A defendant is entitled to be represented by counsel. A court shall not impose on a defendant a remedial sanction of confinement unless, before the hearing is held, the defendant is:

"(a) Informed that such sanction may be imposed; and

"(b) Afforded the same right to appointed counsel required in proceedings for the imposition of an equivalent punitive sanction of confinement.

"(9) If the defendant is not represented by counsel when coming before the court, the court shall inform the defendant of the right to counsel, and of the right to appointed counsel if the defendant is entitled to, and financially eligible for, appointed counsel under subsection (8) of this section."