Submitted July 1, 2011, affirmed March 28, 2012

Melissa PARSLEY,
*Plaintiff-Respondent,*

*v.*

STATE OF OREGON,
by and through its Disability Services
of the Oregon Human Resources Department,
*Defendant,*

*and*

James SNODGRASS,
*Defendant-Appellant.*

Polk County Circuit Court
98P1013; A143347

275 P3d 993

James L. Snodgrass filed the briefs *pro se*.

Jeffrey C. Dobbins and Willamette University Clinical Law Program filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

Defendant Snodgrass appeals the circuit court's judgment holding him in contempt of court.[1] He argues that the court may not enforce his agreement to pay his Oregon Public Employees Retirement System (PERS) benefits to plaintiff because PERS benefits are unassignable. He also argues that plaintiff was required to be present at the contempt hearing. We disagree and, therefore, affirm.

Plaintiff filed a civil action against defendant for personal injury. Defendant, who was represented by counsel, signed a confession of judgment in that action, and the trial court dismissed the case in June 1999. The confession of judgment provided, in part:

"1.    Defendant * * * Snodgrass does hereby confess to a judgment in favor of Plaintiff * * * for the sum of $12,000. Said judgment shall bear interest at the rate of nine percent (9%) per annum from November 15, 1998 until fully paid as provided herein. Defendant Snodgrass agrees to pay such judgment as follows:

"1.1    Defendant Snodgrass *shall make arrangements to have his [PERS] benefits placed in an escrow account with Ticor Title Company at Salem, Oregon, with instructions that payments in the amount of $200 per month shall be paid to Susan King, Trustee, or her successors in trust under * * * a trust which has been set up for [plaintiff] * * *.* Said payments shall begin Feb 15, 1999 and continuing on the 15th day of each month thereafter for a period of sixty (60) months or until the balance of said judgment is [ ] paid in full.

"* * * * *

"6.    *Defendant * * * Snodgrass agrees to cooperate and execute any documents necessary to accomplish the stated provisions contained herein, including but not limited to, executing any documents necessary to instruct PERS, or any other entity, to deposit his PERS benefits into an escrow account with payment directed to a trust set up for [plaintiff].*"

---

[1] This case arises out of a civil action that plaintiff filed against Snodgrass and the state. The claim against the state was settled, and the state was dismissed from the case. That dismissal is not at issue on appeal.

(Emphasis added.)

In 2004, after defendant had failed to pay plaintiff anything under the confession of judgment, plaintiff returned to the court and the case was reopened. In June 2004, the court entered a judgment for plaintiff based on defendant's confession of judgment.

Shortly after the judgment was entered, plaintiff filed a Motion for Contempt Citation, in which she asked the court to order defendant to appear and show cause why he was not in contempt for failing to comply with the judgment. In March 2005, after a hearing, the court entered a judgment that held defendant in contempt, ordered him to instruct PERS to send payments to the trust account, and increased the monthly payment from $200, as originally agreed, to $389.[2] Defendant appealed that judgment, but the appeal was dismissed as untimely.

In June 2005, plaintiff filed another Motion for Contempt Citation, seeking remedial sanctions, including confinement. The court ordered defendant to appear and show cause why he was not in contempt for failing to comply with the March 2005 judgment. In July 2005, the court entered a judgment of contempt based on defendant's failure to comply with the prior judgments. On the same day, it entered an order prohibiting PERS from distributing defendant's benefits. Defendant appealed the judgment, but not the order to PERS, and we reversed and remanded on the ground that defendant had not been advised of his right to be represented by counsel, as required by ORS 33.055(8) and (9).[3] *Parsley v. State of Oregon*, 223 Or App 602, 196 P3d 81 (2008).

On remand, after appointing counsel for defendant, the court held another contempt hearing on plaintiff's June 2005 Motion for Contempt Citation. Plaintiff was not present at the hearing. The court took judicial notice of the court file

---

[2] The trial court had entered a substantively similar judgment in February 2005. It then modified information about the location of plaintiff's trust and entered an amended judgment in March 2005.

[3] Defendant now argues that the trial court's July 2005 order to PERS was unlawful and we should reverse it. Defendant did not appeal the order when it was issued, and the judgment of contempt that defendant now appeals is not based on that order. Therefore, we do not consider the issue.

and took a letter in the file "as a judicial admission made by [defendant]."[4] Based on that evidence, the court found defendant in contempt and, in August 2009, entered another judgment of contempt.

That judgment provides, in part, as follows:

"1.    Defendant Snodgrass is hereby in contempt for failing to obey [the March 2005 judgment] and the Confession of Judgment he signed on January 6, 1999.[5]

"2.    Defendant Snodgrass shall be committed to the Polk County Jail, consecutively to any sentence he is currently serving, for a period of six (6) months or until he signs the Authorization Agreement for Automatic Deposits form provided by PERS, or until he pays the judgment in whole or complies with the previous agreements with Plaintiff."

Defendant appeals that judgment, making several arguments. We write to address two of them. First, he argues that ORS 238.445(1), which provides that PERS benefits are not subject to judicial process and are unassignable,[6] prohibited the court from enforcing defendant's agreement to pay his PERS benefits to plaintiff. Second, he argues that the court erred in proceeding with the contempt hearing despite plaintiff's absence.[7]

---

[4] Defendant does not argue that the court should not have treated his letter as a judicial admission, and we express no opinion on that issue.

[5] We understand the trial court's reference to defendant's confession of judgment to refer to the court's June 2004 judgment based on defendant's confession of judgment, as the court had authority to enforce the confession of judgment only insofar as it was adopted in a judgment of the court.

[6] ORS 238.445(1) provides:

"[With exceptions inapplicable to this case], the right of a person to a pension, an annuity or a retirement allowance, to the return of contribution, the pension, annuity or retirement allowance itself, any optional benefit or death benefit, or any other right accrued or accruing to any person under the provisions of this chapter or ORS chapter 238A, and the money in the various funds created by ORS 238.660 and 238.670, shall be exempt from garnishment and all state, county and municipal taxes heretofore or hereafter imposed, except as provided under ORS chapter 118, *shall not be subject to execution, garnishment, attachment or any other process* or to the operation of any bankruptcy or insolvency law heretofore or hereafter existing or enacted, and *shall be unassignable.*"

(Emphasis added.)

[7] Defendant raises five assignments of error. The arguments that we address relate to the first four assignments. We reject the fifth assignment without discussion.

We reject defendant's first argument because, "[a]s a general rule, a contemnor may not attack the underlying judgment that he or she violated in an appeal of a judgment of contempt." *Barrett and Barrett*, 320 Or 372, 380, 886 P2d 1 (1994). As the Supreme Court has explained,

> "If a court has jurisdiction over the parties and the subject matter, and its order or decree is not complied with, that court may hold the noncomplying party in contempt even if it later appears that the original order or decree was either erroneous or in excess of the court's authority. The integrity of the judicial process demands compliance with court orders until such time as they are altered by orderly appellate review. Litigants are not entitled to sit in judgment on their own cases, and they must follow the appropriate channels for review of decisions they believe to be invalid. Unless and until an invalid order is set aside, it must be obeyed. Only when there has been no other opportunity to raise the issue can the validity of the underlying order be litigated in a subsequent contempt proceeding."

*State ex rel Mix v. Newland*, 277 Or 191, 200, 560 P2d 255 (1977).

Here, the August 2009 judgment that defendant appeals holds him in contempt for failing to comply with the judgment based on his confession of judgment, in which he agreed to "execut[e] any documents necessary to instruct PERS * * * to deposit his PERS benefits into an escrow account with payment directed to a trust set up for [plaintiff]," and the March 2005 judgment, which ordered him to instruct PERS to send payments to the trust account. Defendant had the opportunity to challenge the validity of those judgments through direct appeal or by seeking to have them set aside.[8] He cannot attack the validity of those judgments in a subsequent contempt proceeding.

Next, defendant argues that plaintiff was required to appear at the contempt hearing because, in her absence, the court "had to assume the role of the Plaintiff and presented evidence without Plaintiff being present[,] and this

---

[8] Defendant argues that his confession of judgment is not enforceable because he lacked adequate mental capacity to execute it.

did not allow [defendant] opportunity to inquire into Plaintiff's intentions." (Citation and footnote omitted.) However, defendant does not direct us to any authority that required plaintiff's presence at the contempt hearing, and we perceive none.

Furthermore, contrary to defendant's argument, plaintiff's absence did not violate his rights under the Sixth Amendment to the United States Constitution because no testimonial statements by plaintiff were entered into evidence. *See State v. Moreno-Garcia*, 243 Or App 571, 578, 260 P3d 522 (2011) ("[T]he admission against a defendant of 'testimonial' hearsay without an opportunity for cross-examination violates the defendant's Sixth Amendment right to confront an adverse witness.").

Affirmed.